**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

| | |
|---|---|
| **VERLEEN SELDON** | **PLAINTIFF** |
| **V.** | **CAUSE NO. 3:06CV012** |
| **GRENADA LAKE MEDICAL CENTER** | **DEFENDANT** |

## ORDER

This cause comes before the court on the defendant's motion [18] for summary judgment. The plaintiff has failed to respond to the motion. However, summary judgment cannot be supported on the ground that the plaintiff failed to respond to the defendant's motion for summary judgment. *John v. State of LA (Board of Trustees for State Colleges and Universities)*, 757 F.2d 698, 709 (5th Cir. 1985). This court now examines the defendant's motion on its merits.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 120 S.Ct. at 2110. However, the court will assume that

the movant's facts as claimed and supported by admissible evidence are admitted to exist without controversy, unless controverted in an opposing statement of genuine issues which is supported by proper summary judgment evidence. *Andrews v. Texas Park & Wildlife Dept.*, 196 F.Supp. 2d 424, 426 (2001).

Plaintiff Verleen Seldon was employed as a housekeeper at Grenada Lake Medical Center and was terminated from her employment on October 10, 2005. Plaintiff Seldon filed a charge with the EEOC alleging age discrimination against her former employer and received a right to sue letter on November 19, 2005. She filed the instant action *pro se* on February 13, 2006, alleging that she was terminated in violation of the Age Discrimination in Employment Act ("ADEA"). Ms. Seldon was approximately fifty-nine years old on the date of her termination and had been employed with Grenada Lake Medical Center for nineteen years.

To establish a *prima facie* case of age discrimination, a plaintiff must prove: (1) she was a member of the protected class of individuals over forty years of age, (2) she was qualified for the job in question, (3) she suffered an adverse employment action, and (4) she was either I) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of her age. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

If a plaintiff is successful in establishing a *prima facie* case of discrimination, then the burden shifts to the defendant to produce a legitimate, nondiscriminatory justification for its actions. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). If the defendant can articulate a reason that, if believed, would support a finding that the action was nondiscriminatory, then the inference of discrimination created by the plaintiff's *prima facie* case disappears and the factfinder must decide the ultimate question of whether the plaintiff has proven intentional discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509

U.S. 502, 511-12, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). The Fifth Circuit has made it clear that, in order to survive summary judgment, an ADEA plaintiff is not limited to demonstrating that the stated reason for terminating her is false, as long as she can create fact issues as to whether discrimination was one factor which motivated her termination. *Rachid v. Jack in the Box*, 376 F.3d 305, 312 (5th Cir. 2004).

The defendant asserts that the plaintiff cannot establish a prima facie case of discrimination, attacking the plaintiff on the second and fourth prongs of the test. Grenada Lakes Medical Center contends that Ms. Seldon was not qualified for the housekeeping position and that she has no evidence that she was replaced by someone outside the protected class, someone significantly younger, or otherwise discharged because of her age.

Grenada Lakes Medical Center claims that Ms. Seldon was not qualified for the position as housekeeper because she refused to adhere to established policies and protocol. The Fifth Circuit has noted that placing a plaintiff's qualifications at issue at both the prima facie case and pretext stages of a termination case is an unnecessary redundancy. *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1505 (5th Cir. 1998). The court also noted that a plaintiff challenging a termination or demotion can ordinarily establish a prima facie case by demonstrating continued possession of the necessary qualifications for the job at the time of adverse action, meaning that the plaintiff must not have suffered a physical disability, loss of a professional license, or some other occurrence that would render a person unfit for employment. *Id*. at 1506. None of those circumstances have been alleged. Accordingly, the court chooses to examine the fourth prong of the plaintiff's prima facie case.

Under the fourth prong of an age discrimination case, a plaintiff must demonstrate that she was either i) replaced by someone outside the protected class, ii) replaced by someone

3

younger, or iii) otherwise discharged because of her age. *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). Plaintiff Seldon's deposition testimony reflects that she is unsure of the age of her replacement, stating only that she knows her replacement is younger because she knows her replacement's mother. She does not know the name of her replacement's mother.

Even though the plaintiff has clearly failed to meet the burden under the fourth prong of analysis, the defendant has submitted the affidavits of Ken Baker, the Human Resource Director, and Kim Cole, the Environmental Director for the Environmental Services Department. The defendant has also submitted an affidavit from Ms. Seldon's direct supervisor, Lead Housekeeping Supervisor Mary Joseph. All state that Ms. Seldon's replacement was a part-time housekeeping employee who was given the opportunity to move into Ms. Seldon's full-time position, and that since Ms. Seldon's termination a woman over the age of sixty was hired as a part-time employee. She has subsequently moved to a full-time position. Mr. Baker avers that it is Grenada Lake Medical Center's policy to fill full-time vacancies by allowing part-time employees with the most seniority to fill the position. The defendant provides further evidence that the plaintiff was not otherwise discharged because of her age by providing documentation of performance issues beginning in 1994. Twenty-eight disciplinary incidents were recorded from the year 2000 until the date of the plaintiff's termination. As the plaintiff as failed to establish the fourth prong of her prima facie case of age discrimination, the defendant's motion [18] for summary judgment is GRANTED. This case is now closed.

This the 9th day of April, 2007.

              **/s/ Michael P. Mills**
              **UNITED STATES DISTRICT JUDGE**